UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Alexander Rosa,<br><br>    Plaintiff,<br><br>v.<br><br>Rollin Cook, *et al.*,<br><br>    Defendants. | Civil No. 3:22-CV-00703 (JAM)<br><br><br><br>February 2, 2024 |

**RULING ON THE PLAINTIFF'S MOTION FOR LEAVE
TO PROCEED *IN FORMA PAUPERIS* AND CERTIFICATION RE:
GOOD FAITH OF APPEAL (ECF No. 237)**

  The plaintiff, Alexander Rosa, has moved for leave to proceed *in forma pauperis*. (ECF No. 237.) He used Form AO 240, which is the form for applications to proceed *in forma pauperis* "in District Court." (*Id.*) Yet because he has already been given *in forma pauperis* status in this Court (ECF No. 18), and because he recently appealed one of the Court's orders to the United States Court of Appeals for the Second Circuit (ECF Nos. 234, 236), the Court will construe the motion at ECF No. 237 as a motion for leave to proceed *in forma pauperis* on appeal.

  Fed. R. App. P. 24(a)(1) provides that, generally, "a party who was permitted to proceed *in forma pauperis* in the district-court action . . . may proceed on appeal *in forma pauperis* without further authorization." The rule provides two exceptions: when "the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith," and when "a statute provides otherwise." Fed. R. App. P. 24(a)(3). An appeal is taken "in good faith" when the appellant "seeks appellate review of any issue not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Court applies an objective standard to determine the "good faith" of an appeal. *Id.* "[I]f on consideration the trial judge is conscientiously convinced that there is no

1

substantial question for review and that an appeal would be futile, or if he is convinced that there is no reasonable basis for the claims of alleged error, it is the duty of the trial judge, albeit not a pleasant duty, to certify that the appeal is not taken in good faith." *United States v. Farley*, 238 F.2d 575, 576 (2d Cir. 1956) (internal citations and quotation marks omitted).

Although Mr. Rosa was granted leave to proceed *in forma pauperis* in the District Court, the Court is constrained to certify that his appeal is not taken in good faith. Mr. Rosa appeals the order at ECF No. 234, in which the Court denied his motion for appointment of counsel in this civil case. (ECF Nos. 234, 236.) He contends that the Court erred in denying his motion when "the defendants threw [his] documents in the garbage," and when he assertedly "provided proof of" having made sufficient efforts to engage counsel on his own. (ECF No. 234.) The Second Circuit has clearly established, however, that "an order denying a plaintiff the appointment of counsel to represent him in pursuing the merits of a suit under § 1983 may not be challenged separately by a direct appeal." *Welch v. Smith*, 810 F.2d 40, 42 (2d Cir. 1987); *see also Germano v. Dzurenda*, 455 F. App'x. 58, 61 (2d Cir. 2012) (summary order) ("[N]either orders denying the appointment of counsel nor orders compelling discovery are independently appealable in the absence of a final judgment."). Mr. Rosa's appeal of the order denying appointment of counsel is therefore futile and lacks any reasonable basis in law. The Court further notes that, the order denying the motion for appointment of counsel having been issued by a Magistrate Judge, Mr. Rosa could have sought review by the District Judge pursuant to Fed. R. Civ. P. 72. He did not.

The undersigned has considered whether, as a Magistrate Judge, he has the authority to deny Mr. Rosa's motion to proceed *in forma pauperis* on appeal, and to certify that the appeal is not taken in good faith. While courts in some other circuits have disagreed, *e.g., Donaldson v. Ducote*, 373 F.3d 622, 623-25 (5th Cir. 2004), courts in the Second Circuit have generally

concluded that a Magistrate Judge may do so. *E.g., Yi Sun v. New York City Police Dep't*, No. 18-cv-11002 (LTS) (SN), 2019 U.S. Dist. LEXIS 234568, at *4 (S.D.N.Y. May 3, 2019); *Rockwell Cooley Menkel v. GMC*, No. 7:05-cv-826 (TJM) (GHL), 2008 U.S. Dist. LEXIS 135085, at *1-2 (N.D.N.Y. Apr. 25, 2008). To be sure, the Federal Magistrate Judges Act generally contemplates that a Magistrate Judge will not finally decide any dispositive issue, *see* 28 U.S.C. § 636(b)(1), and some courts have held that denial of an *in forma pauperis* motion in a trial court "is the functional equivalent of an involuntary dismissal and is outside the scope of a magistrate[ judge]'s authority." *E.g., Jackson v. Stack*, No. 16-cv-1041A, 2018 WL 6068176, at *3 n.3 (W.D.N.Y. Nov. 20, 2018) (citation and quotation marks omitted). But this is not true of a District Court's certification pursuant to Fed. R. App. P. 24(a)(3), because the disappointed party always has the option under Fed. R. App. P. 24(a)(5) to file a motion for leave to proceed *in forma pauperis* in the Court of Appeals. *Rockwell*, 2008 U.S. Dist. LEXIS 135085, at *2 ("I cannot imagine how a motion before a district court to proceed *in forma pauperis* on appeal could with any meaning be said to be 'dispositive' of Plaintiff's appeal since he may follow up that motion with a second motion – *before the Court of Appeals* – to proceed *in forma pauperis*.") (emphasis in original); *see also Yi Sun*, 2019 U.S. Dist. LEXIS 234568, at *4. In other words, when the Court denies *in forma pauperis* status in the District Court, it is often the end of the line for the plaintiff's claim; but when it denies him leave to proceed *in forma pauperis* on appeal, it is not.

Accordingly, the Court **DENIES** the motion for leave to proceed *in forma pauperis* on appeal and, pursuant to Fed. R. App. P. 24(a)(3)(A), certifies that the appeal is not taken in good faith. Mr. Rosa shall have thirty days from the date of service of this order in which to renew his motion at the Court of Appeals. Fed. R. App. P. 24(a)(5). Any such renewed motion must include an affidavit that complies with the requirements of Fed. R. App. P. 24(a)(1) and should further

include a copy of this ruling.  *Id.*  The Clerk of the Court is respectfully directed to immediately notify the parties and the Court of Appeals of this denial and certification, as required by Fed. R. App. P. 24(a)(4).

So ordered this 2nd day of February, 2024, at Hartford, Connecticut.

*/s/ Thomas O. Farrish* Date: 2024.02.02 14:33:02 -05'00'

_____
Hon. Thomas O. Farrish
United States Magistrate Judge